'AF Approval *TLK for SCN*                    Chief Approval *gdp*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                    CASE NO. 8:24-cr-564-KKM-TGW

DANIEL LIBURDI

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, and the defendant, DANIEL LIBURDI, and the attorney(s) for the defendant, Joel Hirschhorn, Esq. and Stuart Hyman, Esq., mutually agree as follows:

### A.  Particularized Terms

    1.  Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Superseding Information.  Count One charges the defendant with Making and Subscribing a False Tax Return, in violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 2.

    2.  Maximum Penalties

Count One carries a maximum sentence of three years' imprisonment, a fine of $100,000 dollars or the greater of twice the gross gain or twice the gross loss of the offense, a term of supervised release of not more than three years, and a special assessment of $100 per felony count for individuals.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the

Defendant's Initials  *DL*

offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.    Elements of the Offense

The defendant acknowledges his understanding of the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

First:  The Defendant made or caused to be made a tax-related document for a given tax year;

Second: the tax-related document contained a written declaration that it was made under the penalty of perjury;

Third: when the Defendant made or helped to make the tax-related document, he knew it contained false material information;

Fourth: when the Defendant did so, he intended to do something he knew violated the law; and

Fifth: the false matter in the tax-related document related to a material statement.

4.    Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

Defendant's Initials _D L_                      2

5.    Counts Dismissed

At the time of sentencing, the United States agrees to the dismissal of the underlying indictment as to the defendant in this case, *United States v. Daniel Liburdi et al.*, 8:24-cr-00564-KKM-TGW, Doc. 1, pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

7.    Restitution to Victim of Offense of Conviction

Defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $34,846,381, pursuant to 18 U.S.C. § 3663(a)(3).

8.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from

Defendant's Initials _DL_                      3

the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

9.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials _DL_                          4

10.   Adjusted Offense Level - Estimate Only

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States, based on the information now available to it, estimates that the defendant's adjusted offense level is 25, pursuant to USSG §§ 2T1.1 and 2T4.1 as determined below:

| Guideline | Description | Levels |
|---|---|---|
| §§ 2T1.1(a)(1) & 2T4.1(K) | Base Offense – tax loss more than $25 million but less than $65 million | 28 |
| § 2T1.1(b)(1) | Failure to report or correctly identify greater than $10,000 income derived from criminal activity. | +2 |
| § 3E1.1(b) | Acceptance of Responsibility | -3 |
| § 4C1.1(a) | Zero-Point Offender Reduction | -2 |
| Total Adjusted Offense Level | | 25 |

The defendant understands that this estimate is not binding on the court or the United States, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

11.   Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all

Defendant's Initials _DL_          5

relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials _DL_                6

12.  Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

13.  Cooperation - Responsibilities of Parties

a.  The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.  It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

Defendant's Initials _DL_                    7

(1)     The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recission of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case

Defendant's Initials _DL_                    8

but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

14.   DOJ Tax Section Approval Required

The defendant acknowledges that this plea agreement is subject to final written approval by the Department of Justice, Criminal Division, Tax Section, and that this final approval must be obtained prior to the defendant entering a plea under the terms of this agreement before the Court.

15.   Forfeiture of Assets

There is no criminal forfeiture in this case. Without admitting to the allegations, however, the defendant consents to the civil judicial and/or administrative forfeiture of the following assets, which were identified for forfeiture in the Indictment (Doc. 1), Bill of Particulars (Doc. 46) and Government's Notices of Lis Pendens (Docs. 18-20) in related case *United States v. Daniel Liburdi et al.*, 8:24-cr-00564-KKM-TGW (collectively, the Forfeitable Assets):

A.   **The Real Properties**

1)   the real property located at 195 Chocolate Hole, USVI, parcel number 3-08203-0603-00, including all improvements thereon and appurtenances thereto, or $2,500,000 in lieu of the property, if received within 90 days of the Court's acceptance of the plea agreement;

Defendant's Initials _DL_            9

2)     the real property located at 269 N. Hibiscus Dr., Miami Beach, Florida 33139, Tax ID: 02-3232-006-0445, including all improvements thereon and appurtenances thereto; and

3)     the real property located at 205 N. Hibiscus Dr., Miami Beach, Florida 33139, Tax ID: 02-3232-006-0480, including all improvements thereon and appurtenances thereto;

**B.  The Seized Vehicles**

1)     2021 Ferrari 812 bearing Vehicle Identification Number ZFF97CMA6M0257873;

2)     2021 Ferrari F8 bearing Vehicle Identification Number ZFF93LMA4M0261951; and

3)     2023 Land Rover Range Rover bearing Vehicle Identification Number SALKP9E7XPA010109;

**C.  The Seized Bank Accounts**

1)     Approximately $1,067.76 seized from JPMorgan Chase account U55196007, held in the name of GGM Group Family Office LLC;

2)     Approximately $219,120.09 seized from JPMorgan Chase account 199929361, held in the name of Daniel V. Liburdi;

3)     Approximately $50,760.03 seized from JPMorgan Chase account 821269995, held in the name of Green Brick Media LLC;

4)     Approximately $131,790.49 seized from Merchant Commercial Bank account 6000004181, held in the name of Daniel V. Liburdi; and

Defendant's Initials _DL_        10

5) Approximately $11,770.12 seized from Merchant Commercial Bank account 6000005014, held in the name of GGM Group LLC.

The defendant acknowledges without admitting that the United States alleges that the Forfeitable Assets constitute proceeds of bank fraud and are, therefore, subject to civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C). Additionally, the defendant acknowledges without admitting that the United States further alleges that the Forfeitable Assets constitute property involved in money laundering are, therefore, also subject to civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

Despite the fact that some of the Forfeitable Assets are held in the names of entities or companies the defendant owns or controls, the defendant acknowledges that he is the true and rightful owner of the Forfeitable Assets, and that no other person or entity has any possessory or ownership rights.

The defendant expressly withdraws all claims he previously made in any administrative forfeiture proceedings involving the Seized Vehicles (except the 2021 Ferrari 812) and Seized Bank Accounts, including claims he submitted on behalf of himself, individually, and on behalf of companies he owns or controls, including XMY Enterprize LLC, GGM Group Family Office LLC, Green Brick Media LLC, and GGM Group LLC. The defendant represents that he has been authorized and has the full authority to withdraw the claims he submitted on behalf of the previously identified companies. The defendant acknowledges that the United

Defendant's Initials _DL_                    11

States sought forfeiture of these assets pursuant to 18 U.S.C. §§ 981 and 983, and consents to the forfeiture of these assets by the U.S. Customs and Border Protection (CBP). The defendant expressly waives any right he may have to notice of any administrative or judicial forfeiture proceeding and also waives any objections or challenges to the administrative forfeiture of these assets, including that the administrative forfeiture was not timely commenced or properly noticed. If the administrative forfeiture of these assets is not completed for any reason, the defendant waives his right to be noticed in any subsequent civil forfeiture proceeding involving these assets, and further waives any right he may have to contest such civil forfeiture proceeding.

Additionally, the defendant, individually and on behalf of XYZ Enterprize LLC, Endless Views LLC, 205 N. Hibiscus LLC, 269 N. Hibiscus LLC, and 101 N. Hibiscus LLC, consents to the civil forfeiture of the Real Properties and the 2021 Ferrari 812 and waives his right to notice of the commencement of any civil forfeiture proceeding against these assets. To the extent necessary, he also agrees to sign any additional documents necessary for the United States to complete the civil forfeiture of the Real Properties and 2021 Ferarri 812, including, but not limited to, signing a consent to forfeiture to be filed in any civil forfeiture proceeding. If the defendant elects to provide the United States with $2,500,000 for forfeiture in lieu of the real property located at 195 Chocolate Hole, USVI, this payment must be made via a cashier's check or firm trust account check made payable to the "United States Customs and Border Protection" and delivered to the attention of Assistant United

Defendant's Initials _OL_                    12

States Attorney Suzanne Nebesky, Office of the United States Attorney, 400 North Tampa Street, Suite 3200, Tampa, Florida 33602, or a wire transfer, within 90 days of the Court's acceptance of the plea agreement.

Except as set forth in this agreement, Forfeiture of the Real Properties, Seized Vehicles and Seized Bank Accounts shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The United States agrees to release the lis pendens recorded against the real property located at 101 N. Hibiscus Dr., Miami Beach, Florida 33139 (the 101 N. Hibiscus property) and agrees not to pursue the forfeiture of this property so that the property can be used by the defendant to satisfy the anticipated restitution order as outlined on page 3, above. The defendant agrees, however, that if restitution is not satisfied within six months of sentencing, the United States may enforce the restitution obligation in accordance with the Federal Debt Collection Procedures Act or any applicable federal statute, including through the foreclosure of its restitution lien against the 101 N. Hibiscus property.

The defendant agrees unconditionally to release, hold harmless, acquit, and discharge the United States of America, the Department of Homeland Security, Homeland Security Investigations, CBP, and any other federal, state or local law enforcement agencies, its successors, assignees, agents, and employees from any and all claims, demands, causes of actions or suits, agreements, deposited sums, judgments, damages, losses of services, expenses of whatever kind and description,

Defendant's Initials _DL_                13

and wheresoever situated, that might exist by reason of or arising out of the seizure and/or forfeiture of the Forfeitable Assets.

The United States and the defendant waive any and all claims or rights that they have or may have, pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act) or otherwise, for attorneys' fees or other costs arising out of any forfeiture action involving the Forfeitable Assets, including the making of this agreement and the forfeiture detailed herein.

The defendant further understands and agrees that by entering into this agreement, he waives any right to further litigate his interest in the Forfeitable Assets against the United States, challenge any administrative forfeiture, and to petition for remission or mitigation of forfeiture.

## B.    **Standard Terms and Conditions**

### 1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from

Defendant's Initials _DL_                    14

simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a cashier's check, certified check or money order to the Clerk of the Court in the amount of $100.00, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing. The defendant understands that this agreement imposes no limitation as to fine.

2. <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background,

Defendant's Initials _DL_                    15

character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.     <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank

Defendant's Initials _DL_        16

records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

Defendant's Initials _DL_                17

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials _DL_                    18

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant

Defendant's Initials _DL_                    19

questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

On or about September 16, 2024, the defendant did willfully make and subscribe, and did willfully aid, abet, assist, and cause to be so made and subscribed, a U.S. Individual Income Tax Return, IRS Form 1040 ("IRS Form 1040"), for the tax year 2023, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter. When he did so, the defendant knew the income tax return was not true and correct in all material respects because it contained falsehoods related to the domestic source of his reported taxable income.

Defendant's Initials _DL_                    20

Specifically, contrary to the assertions made on his 2023 IRS Form 1040, the defendant generated the vast majority of his reported taxable income through multiple U.S.-based limited liability companies, including GREEN BRICK MEDIA, LLC, which elected S-Corporation status. On his above-described 2023 IRS Form 1040, the defendant falsely indicated that virtually all of these business incomes were instead sourced by "GGM GROUP LLC", a U.S. Virgin Islands-based entity, rather than the U.S.-based entities which actually sourced the income. This willful and materially false statement facilitated the defendant's claim of EDC Beneficiary exclusions of income not otherwise eligible for this exclusion as the income was not sourced in the U.S. Virgin Islands.

The above-described misrepresentation was material, and the defendant knew it was material, to the IRS' ability to determine the correct amount of the defendant's tax due and owing for tax year 2023. Further, the defendant intended to conceal the domestic source of his income from the IRS to reduce the amount of his tax due and owing to the IRS. As a result of his false and fraudulent statements in the defendant's 2023 IRS Form 1040, the defendant willfully underreported the amount of tax due and owing to the IRS in the amount of $9,881,118.

The defendant also acknowledges as relevant conduct for purposes of the plea and sentencing that he underreported income on his 2021 IRS Form 1040, resulting in an additional tax loss to the government of $5,383,175, and on his 2022 IRS Form 1040, resulting in an additional tax loss to the government of $19,582,088.

Defendant's Initials _DL_                    21

The total tax loss to the government from the defendant's willful conduct is therefore $34,846,381.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

Defendant's Initials _DL_                22

DATED this 15th day of May 2026.

GREGORY W. KEHOE
United States Attorney

Daniel Liburdi
Defendant

Ross Roberts
Assistant United States Attorney

Joel Hirschhorn, Esq.
Attorney for Defendant

Gregory Pizzo
Assistant United States Attorney
Chief, Economic Crimes Section

Stuart Hyman, Esq.
Attorney for Defendant

Defendant's Initials DL                23